UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BRIAN WARD, | § | |
| TDCJ 1426930, | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-10-3401 |
| | § | |
| BRYAN POLICE DEPARTMENT, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

# Opinion on Dismissal

Brian Ward sues the Bryan Police Department, Captain Peterson, and Officer Gonzales. Ward sues for civil rights violations under 42 U.S.C. § 1983. He moves to proceed as a pauper. Ward is held in a Texas prison.

Ward's claims follow. On March 2, 2006, he called the police because someone was stealing his car. Bryan police officers responded to Ward's call. The thief had hit Ward with a bat. Ward needed to see a doctor, but the officers ignored his significant injury. The police officers arrested Ward instead of investigating the thief's smooth talk. Police officers unlawfully arrested Ward in violation of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. Ward requests damages and declaratory and injunctive relief.

The limitation period for section 1983 cases in Texas is two years. *Owen's v. Okure*, 488 U.S. 235 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). The limitation period starts when the plaintiff knows about the injury or has reason to know about it. *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). A plaintiff need not realize that a claim exists; he need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Ward learned the facts underlying his claims on March 2, 2006. The limitation period started on March 2, 2006, and ended on March 2, 2008. Ward sued on August 2, 2010. Ward sued more than two years after the statute of limitations expired.

This case is dismissed as late. Because Ward sued after the statute of limitations expired,

he fails to state a claim on which relief may be granted. *See Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Ward's motion to proceed as a pauper (2) is granted. The Texas Department of Criminal Justice-Institutional Division will deduct 20% of each deposit made to the plaintiff's inmate trust account and pay this to the court regularly, provided the account exceeds $10, until the $350 filing fee is paid. The clerk will send a copy to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793 and to the Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Three-Strikes List.

Signed *October 13*, 2010, at Houston, Texas.


Lynn N. Hughes
United States District Judge